290

## S. Victor Wittenberg, Appellant, *v.* Anna G. Robinov et al., Respondents.

First Department, December 8, 1959.

*Arthur S. Cowen* for appellant.

*Robert Konove* of counsel (*Gilbert K. Gottlieb* with him on the brief; *Gottlieb, Konove & Zeck,* attorneys), for respondents.

*Per Curiam.* Plaintiff appeals from an order granting defendants' motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice and from the judgment entered thereon.

Plaintiff, the purchaser of a building in Bronx County, brought this action to recover damages from the seller and the seller's broker and agent for fraudulent misrepresentations concerning specific, detailed operating expenses of the building. The contract of sale provided, among other things, that plaintiff had inspected the premises and agreed to take them " as is ". It also provided " that the seller has made no representation as to physical condition or services ". This provision was followed by a conventional merger clause, with " neither party relying upon any statement or representation, not embodied in this contract, made by the other."

Unlike the language of specific disclaimer in *Danann Realty Corp.* v. *Harris* (5 N Y 2d 317), it cannot be said that the

plaintiff herein " has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded " (p. 320). On this motion addressed to the pleadings we are limited to the averments in the complaint. It may well be that on a motion for summary judgment plaintiff would find it difficult to sustain his position.

The order of Special Term and the judgment entered thereon should be reversed, on the law, and the motion of defendants denied, with costs.

M. M. Frank, J. (dissenting). The court is unanimous that the complaint, with respect to the defendant Feinberg, states a cause of action, and as to him the judgment should be reversed and the motion to dismiss the complaint denied. As the broker in the transaction, he is not entitled to the benefit of any of the merger and disclaimer clauses in the contract. He was neither a signatory to it nor a party to whom the clauses would apply.

I quite agree with the majority that *Danann Realty Corp.* v. *Harris* (5 N Y 2d 317) is the controlling decision to be applied in this case. It is for that reason that I believe the order at Special Term granting summary judgment to the defendant Robinov should be affirmed.

Robinov, the owner of the premises in question, entered into a contract to sell the property to the plaintiff, who never disaffirmed the contract, but took title to the premises and thereafter commenced this action for damages against the owner and the broker for fraudulent representations, sometimes referred to as fraud in the inducement. The contract is on a standard printed form with many added typewritten clauses. Some of these contain expressions such as " The purchaser has inspected the premises and is thoroughly acquainted with their condition and agrees to take the same ' as is ' " and again, " It is further understood and agreed that the seller has made no representations as to physical condition or services and that seller shall not be liable and bound in any manner by express or implied warranties, guarantees, promises, statements, representations or information pertaining to said premises, made or furnished by any real estate broker, agent, employee, servant or such other person representing or purporting to represent the seller, unless such warranties, guarantees, promises, statements and/or representations of information are expressly and specifically set forth herein. This agreement shall survive the execution and delivery of the deed hereunder."

In addition to the quoted typewritten clauses, the contract contains a printed paragraph phrased and punctuated identically with the last two sentences in the clause in *Danann,* and followed by the statement, " This agreement may not be changed or terminated orally." It is a reasonable conclusion that the printed and typewritten clauses together substantially encompass the entire scope of the *Danann* clause.

Turning to the complaint and the plaintiff's bill of particulars, we find that annexed to the bill is an exhibit which is a typical real estate broker's prospectus listing the details of the property. The operating expenses appear under the heading " Est. Expenses ", and a footnote states in part that " The above property is offered subject to * * * correction of errors ".

In substance, the specific items upon which fraud and misrepresentation are predicated are that the oil burner was not new and that the boiler leaked badly. It is a fair inference that the claim concerning the increased cost of repairs, fuel oil and electricity is bottomed on the alleged misrepresentation of the condition of the boiler and the oil burner. As to the defects of the last-named items, they are specifically covered by the clause in which the plaintiff represents that he has inspected the premises and takes them " as is ", as well as the clause wherein the purchaser acknowledges that the seller has made no representation as to the physical condition of the premises.

Certainly all of the representations must be viewed in the light of the realities attaching to the prospectus which merely estimates expenses. Operating expenses is a synonymous term for cost of providing services and if the term " physical condition or services " has any meaning in the exculpatory clauses, it must be deemed that any representations with respect to the items upon which the pleadings are based are excluded by the contract and disclaimed by the plaintiff. Moreover, with respect to those items, no representations regarding them were made in the contract.

Nor should the significance of the disclaimer clause, that the seller is neither to be held liable for nor bound by any express or implied warranties, guarantees, promises, statements, representations, or information made or furnished by any real estate broker, agent or other person representing the seller, be overlooked. I cannot conceive how a waiver or disclaimer clause could have been worded to include more precisely the very representations allegedly made by the broker. Moreover,

where they deemed it essential, the parties provided that certain provisions of the contract would survive execution and delivery of the deed. They did not so provide with respect to any of the representations involved herein. It is a fair inference that the plaintiff did not deem them sufficiently material to require survival, or placed no reliance upon them.

It seems to me that if business men are put to the task of delineating disclaimer clauses in written agreements in such exhaustive detail that language ordinarily intended to protect a seller of real or personal property against the subsequent attempts of a disgruntled, dissatisfied or avaricious purchaser will not suffice, then we engraft upon such a business transaction a caveat that a seller can never be sure that it is finally concluded until the Statute of Limitations has put an end to uncertainty. Business cannot be conducted on so shifting a foundation, and should not depend on the resourcefulness and semantic ingenuity of the professional draftsman of contracts. A disservice to commerce results when the barter and sale of property must be conducted with an eye to possible groundless suits. As Mr. Justice HOLMES so aptly said in another context, "Business contracts must be construed with business sense, as they naturally would be understood by intelligent men of affairs" (*The Kronprinzessin Cecilie*, 244 U. S. 12, 24). In *Danann* the majority said that the plaintiff represented that it was not relying on specific representations not embodied in the contract and then alleged in its complaint that it was in fact relying on oral representations. Therefore, it was reasoned, the plaintiff was guilty of deliberately misrepresenting its true intention to the seller and was itself perpetrating a fraud, and to sustain such a fraud puts a purchaser in a favored position. It appears to me that the plaintiff in this case is in the same position and we should not provide aid and comfort to him in the attempt to circumvent his commitment.

BOTEIN, P. J., RABIN and McNALLY, JJ., concur in *Per Curiam* opinion; M. M. FRANK, J., dissents and votes to modify in opinion, in which STEVENS, J., concurs.

Order and judgment reversed, on the law, with costs to appellant, and the motion for judgment on the pleadings denied, with $10 costs.